IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DAVID UNDERHILL,

    Plaintiff,

v.                                                                                              2:24-cv-00245-DHU-GBW

FRANK KENDALL,

*Secretary, Department of the Air Force*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions. The first motion is Defendant Frank Kendall's, Motion to Dismiss for Lack of Subject Matter Jurisdiction filed August 16, 2024 ("Motion"). Doc. 12. On September 26, 2024, Plaintiff responded, and on October 25, 2024, Defendant replied. Doc. 22, Doc. 26. The second motion is Plaintiff John David Underhill's, Motion for Leave to File an Amended Civil Complaint and filed on September 24, 2024. Doc. 20, Doc. 24. Having considered the parties briefs, the record of the case, and applicable law, the Court finds that Defendant's Motion is with merit and shall be **GRANTED**. The Court **DENIES** Plaintiff's Motion for Leave to File an Amended Civil Complaint.

## I. BACKGROUND

This case arises out of a series of events that took place at the Outdoor Recreation Department at Cannon Air Force Base (CAFB) in Curry County, New Mexico wherein Plaintiff John David Underhill was and is presumably still employed. Doc. 1 at 1, Doc. 22 at 1. Plaintiff alleges that during his employment at CAFB he filed several administrative complaints as a result of numerous incidents that took place between February 14, 2019 through August 8, 2020. *See*

*generally* Doc. 1. He submits that these administrative complaints give rise to the federal claims he brings "under Federal Civil Rights statutes and regulations (example, 10 U.S.C. § 1587), Federal Tort Claims Act, New Mexico Tort Claims Act, and New Mexico Civil Rights Act." Doc. 1 at 1, ¶ 4.

### A. Administrative Proceedings

Plaintiff submits his administrative complaints are as follows:

On August 13, 2019, he completed three Inspector General Complaint Forms (AF Form 102) and filed grievances against Lt. Col. Michael Stone for an incident that occurred on August 8, 2019. Doc. 1 at 2, ¶ 3. Plaintiff does not describe the incident and does not attach the corresponding forms.

On October 25, 2019, he filed a complaint with the Department of Defense Office of Inspector General (DoD OIG). Doc. 1 at 4, ¶ 9. He alleges that "Mr. Vause gave him a three (3) satisfactory rating on his 2019 performance evaluation in reprisal for making statement(s) to an investigating officer in favor of Mr. Carwile, his prior supervisor, during a Commander Directed Investigation." *Id.* Plaintiff does not attach the corresponding forms.

On January 6, 2020, he completed another Inspector General Complaint Form (AF Form 102) and filed grievances against Mr. Aaron Caudle for an incident that occurred on January 3, 2020. Doc. 1 at 2, ¶ 2. Plaintiff does describe the incident and does not attach the corresponding AF Form 102.

On March 27, 2020, Plaintiff submitted another Inspector General Complaint Form (AF Form 102) to file grievances against Mr. James R. Vause for an incident that occurred on March 27, 2020. Doc. 1 at 2, ¶ 1. Plaintiff does describe the incident and does not attach the corresponding AF Form 102.

On June 22, 2020, he filed a complaint of discrimination in the federal government (DD Form 2655). Doc. 22-1 at 4. He alleges that on October 30, 2019, the Outdoor Recreation Department at Cannon Air Force Base (CAFB) was found in violation of Occupational Safety and Health Administration (OSHA) standards. Doc. 1 at 2, ¶ 4. Plaintiff then references Section 11(c) of the OSHA Act which provides "protection for employees against discrimination because of their involvement in protected safety and health related activity." Doc. 1 at 2, ¶ 5. Plaintiff attaches DD Form 2655 wherein he reported details of this incident and alleges age and handicap discrimination. Doc. 22-1 at 4.

Also on June 22, 2020, he submitted eight other complaints of discrimination in the federal government (DD Form 2655). He alleges that on various dates eight individuals, including Mr. Vause, Mr. Caudle, and Lt. Col. Stone, discriminated against him based on his age and handicap status. Doc. 1 at 3-4, ¶ 7. Plaintiff attaches the corresponding forms. Doc. 22-1 at 1-17.

On July 2, 2020, he submitted an Equal Employment Opportunity (EEO) complaint alleging physical and age discrimination since February 2019. Doc. 22-5 at 1. On December 22, 2022, an EEO Administrative Judge (AJ) issued a decision finding that Plaintiff failed to prove that the Agency subjected him to the discrimination he alleged. *Id.* The Agency adopted the AJ's finding on January 19, 2023. *Id.* Plaintiff then appealed the decision to the Equal Employment Opportunity and ultimately on December 7, 2023, the Commission affirmed the Agency's final order adopting the AJ's decision. *Id.* at 7.

B. **Federal Lawsuit**

Consequently, Plaintiff commenced suit on March 11, 2024, in this district naming Frank Kendall, Secretary of the Department of the Air Force as Defendant. Doc. 1. In the Complaint, he asserted five claims: i) discrimination, ii) retaliation for filing an Inspector General (IG) complaint,

3

iii) hostile work environment, iv) obstruction, and v) negligence per se. *Id.* He submits these allegations are proper under "Federal Civil Rights statutes and regulations (example, 10 U.S.C. § 1587), Federal Tort Claims Act, New Mexico Tort Claims Act, and New Mexico Civil Rights Act." *Id.*

On August 16, 2024, Defendant, Frank Kendall, Secretary of the Department of the Air Force, ("Defendant") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Doc. 12. In this Motion, Defendant asserts that the Court lacks subject matter jurisdiction for all claims asserted in the Complaint. *Id.* Among its arguments, Defendant asserts that Plaintiff failed to name the United States as a party in the Federal Tort Claims Act (FTCA) claim and therefore the Court lacks jurisdiction over any FTCA claims. *Id.* at 9. Additionally, Defendant attached an affidavit from Bradford Hunt, Chief of the United States Air Force Claims and Tort Litigation Division. Doc. 12-1. In this affidavit, Mr. Hunt asserts that he searched the Civil Law Case Management System, which records all torts claims filed against the Air Force, as well as the Claims and Tort Litigation Division's network drive, where all electronic tort claims are stored. *Id.* Mr. Hunt states his search did not locate any record of a tort administrative claim filed by Plaintiff. *Id.* He adds that the legal office at the Cannon Air Force Base, New Mexico also conducted a search for all tort claims in their possession and did not find a tort claim filed from or on behalf of Plaintiff. *Id.*

On September 24, 2024, Plaintiff filed a Motion for Leave to File an Amended Civil Complaint informing the Court of his intention to add the United States as a party. Doc. 20. However, Plaintiff did not attach a copy of the proposed amended pleading as required by Local Rule. *Id.*; D.N.M.LR-Civ. 15.1. On September 26, 2024, Plaintiff filed his Response to Defendant's Motion to Dismiss. Doc. 22. In his response, Plaintiff attaches several administrative documents which include nine Complaints of Discrimination in the Federal Government (DD Form 2655).

Doc. 22-1. He also includes an affidavit from himself asserting he filed complaints with the Department of Defense Office of Inspector General (DoD OIG), Equal Employment Opportunity (EEO) complaints, and that he appealed the administrative decision. Doc. 22-2. Plaintiff's other exhibits relate to the Equal Employment Opportunity Commission's decision denying his employment discrimination claim and the appeal of that decision. Doc. 22-2-6. Lastly, Plaintiff attaches an affidavit describing his "disability rating." Doc. 22-7.

On October 2, 2024, Plaintiff filed an Amended Motion for Leave to File Amended Civil Complaint. Doc. 24. Plaintiff included as an exhibit the proposed Amended Complaint which added the United States as a party. Doc. 24-1. On October 25, 2024, Defendant filed a Reply in Support of his Motion to Dismiss for Lack of Subject Matter Jurisdiction. Doc. 26. Also on October 25, 2024, Defendant filed a response in opposition to Plaintiff's Amended Motion for Leave to File an Amended Complaint. Doc. 28. Defendant asserts that even if the United States is added as party in an Amended Complaint, the New Mexico Tort Claims Act, the New Mexico Civil Rights Act, the New Mexico Human Rights Act, and the FTCA, do not provide subject matter jurisdiction for any claims.

## II.
## LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party seeking to invoke a federal court's jurisdiction has the burden to establish subject matter jurisdiction. *Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012).

### A. 12(b)(1) and 12(b)(6) Motions

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions to dismiss under Rule 12(b)(1)

5

"generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). In reviewing a facial attack on a complaint for lack of jurisdiction, the court must accept the plaintiff's allegations as true. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (citing *Riggs v. City of Albuquerque,* 916 F.2d 582, 584 (10th Cir. 1990)). When there is a factual attack, the Court has wide discretion to go beyond allegations contained in the complaint and consider evidence presented by the parties upon which the Court's subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In either circumstance, the "court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Id*. Facial attacks pursuant to Rule 12(b)(1) are subject to a Rule 12(b)(6) standard. *Ruiz*, 299 F.3d at 1180.

    **B. The Federal Tort Claims Act**

The Federal Tort Claims Act (FTCA) constitutes "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *Lopez v. United States*, 823 F.3d 970, 975–76 (10th Cir. 2016) (quoting *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976)). Because the FTCA constitutes a congressional waiver of the federal government's sovereign immunity, Congress has imposed certain conditions on actions brought under that enactment. For instance, a prospective plaintiff must provide notice to the United States before pursuing an FTCA action in court. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). Additionally, an FTCA action cannot be instituted "unless the

6

claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This notice requirement is jurisdictional and cannot be waived. *Lopez,* 823 F.3d at 976 (citing *Bradley v. United States ex rel. Veterans Admin.,* 951 F.2d 268, 270 (10th Cir.1991)). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA. *Estate of Trentadue*, 397 F.3d at 852.

## III.
## DISCUSSION

Defendant brings its Motion asserting four primary arguments in support of lack of subject matter jurisdiction. First, Plaintiff failed to exhaust his administrative remedies pursuant to the Federal Torts Claims Act. Second, the New Mexico Tort Claims Act is inapplicable to the federal government. Third, 10 U.S.C. § 1587 does not waive sovereign immunity. Finally, Plaintiff fails to cite to any other jurisdictional authority for his claims. The Court addresses these arguments below.

**A. The Court finds Plaintiff's failure to exhaust administrative remedies bars his claims brought under the FTCA.**

In its Motion, Defendant argues that the Court lacks jurisdiction for any FTCA claims because Plaintiff failed to present his tort claim with the Air Force and failed to comply with the notice requirements of 28 U.S.C. § 2675. Doc. 12 at 9. Defendant also submits that Plaintiff failed to name the United States as a party and that the United States is the only proper defendant in a federal tort claims act action. *Id.* In response, Plaintiff submits that he complied with the administrative process by filing nine "DD Form 2655s" and appealing several administrative decisions. Doc. 22 at 2. He attaches these forms to his response and argues that he exhausted administrative remedies by virtue of his numerous appeals. *Id.* As to Plaintiff's failure to name the United States as a party, Plaintiff attempts to remedy this omission by filing a Motion for Leave to

7

File Amended Civil Complaint. *Id.* at 2-3. In reply, Defendant argues that Plaintiff's exhibits only demonstrate that he exhausted his administrative remedies for his employment law claims. Doc. 26 at 2. Defendant submits that Plaintiff did not make similar allegations for exhausting a tort claim. *Id.* at. 3.

The Court finds that it lacks subject matter jurisdiction over Plaintiff's federal tort claim because Plaintiff's employment discrimination claim did not give the Defendant notice of a tort claim. "The jurisdiction statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue*, 397 F.3d at 852 (quoting *Bradley v. U.S. ex rel. Veterans Admin.*, 951 F.2d at 270). The purpose of this requirement is "to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation." *Lopez*, 823 F.3d at 977.

Here, as Defendant correctly points out, the administrative forms, "DD Form 2655," filed by Plaintiff did not allege *any* facts that would have or should have given Defendant notice of a tort claim. To begin, each of the nine forms is titled "Complaint of Discrimination in the Federal Government" and asks claimants to explain "why you believe you were discriminated against." The language on the DD Form 2655 reads:

> This form should be used only if you, as an applicant for Federal employment or a Federal employee, think you have been discriminated against due to race, color, religion, sex, national origin, age or handicap by a Federal agency and have presented the matter for informal resolution to an Equal Employment Opportunity Counselor within 45 calendar days of the date the incident occurred or, if a personnel action, within 45 calendar days of its effective date.

8

Doc. 22-1 at 1, 2, 4, 6, 8,10, 12, 14, 16. Said differently, these forms are intended for employment discrimination claims not tort claims. Even when reviewing the allegations in the DD Form 2655s, Plaintiff does not reference a negligence per se claim or any other tort. Continuously, Plaintiff's other exhibits relate to the Equal Employment Opportunity Commission's decision denying his employment discrimination claim and the appeal of that decision. Plaintiff's affidavit that he filed a complaint with the Department of Defense Office of Inspector General (DoD OIG) also does not support a finding that he filed an administrative tort claim because the allegations of that complaint discuss a poor performance evaluation and not a negligence per se or tort action. Moreover, and perhaps the most persuasive evidence is that Defendant submits an affidavit from Bradford Hunt, Chief of the United States Air Force Claims and Tort Litigation Division, asserting that a search conducted by the division revealed no record of Plaintiff filing an administrative tort claim with the Air Force.[1]

In addition to notice of injury, under the FTCA, the administrative forms must include sum certain damages and here, Plaintiff's forms do not. *See Estate of Trentadue*, 397 F.3d at 853 (holding an administrative tort claim must include "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that this requirement is jurisdictional and cannot be waived). Therefore, even if Plaintiff's reference to the CAFB's alleged OSHA violation qualifies as a tort, the Court concludes that Plaintiff did not properly exhaust his administrative remedies – namely because he did include sum certain damages.

---

[1] *See Holt*, 46 F.3d at 1003 (holding that when there is a factual attack, the Court may go beyond allegations contained in the complaint and consider evidence presented by the parties upon which the Court's subject matter jurisdiction depends).

**B. The Court finds Plaintiff's remaining claims are without merit.**

As a general matter, the New Mexico Tort Claims Act (NMTCA) waives the State's sovereign immunity for certain torts committed by the State, its subdivisions, or its employees. N.M. Stat. Ann. §§ 41-4-4 to -12 (1978). The NMTCA is inapplicable to the federal government. NMSA 1978, § 41-4-4; § 41-4-3(B) (defining "governmental entity" as "the state or any local public body as defined" therein); § 41-4-3(C) (defining "local public body" as "political subdivisions of the state and their agencies, instrumentalities and institutions and all water and natural gas associations organized pursuant to Chapter 3, Article 28 NMSA 1978"); § 41-4-3(H) (defining "state" or "state agency" as "the state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions."). Likewise, the New Mexico Civil Rights Act (NMCRA) prohibits state and local government officials from subjecting others to a "deprivation of any rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico." N.M. Stat. Ann. §§ 41-4A-1 et seq. (2021). Neither the NMTCA nor the NMCRA waive the sovereign immunity of the federal government. *See Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48–49 (2024) ("[T]he power to waive the federal government's immunity is Congress's prerogative"). Therefore, because the NMTCA and the NMCRA do not waive the sovereign immunity of the Air Force or of the United States, Plaintiff's claims are without merit.

Next, 10 U.S.C. § 1587 does not waive sovereign immunity. The statute is part of the subsections addressing civilian employees in Subtitle A "General Military Law" in Title 10 "Armed Forces" of the United States Code. 10 U.S.C. § 1587. The Federal Civil Rights statute, 10 U.S.C. § 1587, titled "Employees of nonappropriated fund instrumentalities: reprisals," vests the Secretary of Defense with the responsibility of preventing and correcting retaliation against

nonappropriated fund instrumentality employees. It does not provide a mechanism for judicial review or a private right of action in federal court. *See Hooks v. Army & Air Force Exch. Serv.*, 944 F.Supp. 503, 507 (N.D. Tex. 1996) (finding that Section 1587 does not allow the district court to provide recourse).

In sum, the Court denies subject matter jurisdiction because the NMTCA and the NMCRA do not apply to the federal government, 10 U.S.C. § 1587 does not waive sovereign immunity, and Plaintiff fails to cite any other valid jurisdictional authority for his claims.

### C. The Court denies Plaintiff's request to Amend the Civil Complaint.

The Court also denies Plaintiff's request to file a Motion for Leave to File Amended Civil Complaint (Doc. 20, Doc. 24). The Court finds that even when adding the United States as a defendant, Plaintiff fails to meet his burden to establish administrative exhaustion. *See also Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. Okla. 1999) (internal quotation marks omitted) (holding "as a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."). In this case, allowing Plaintiff to amend his complaint and bring this suit under the FTCA before exhausting his administrative remedies not only would render the exhaustion requirement meaningless but would also impose an unnecessary burden on the judicial system. *See id.*

## IV.
## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion (Doc. 12) is **GRANTED** and Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amend Complaint (Doc. 20) and Amended Motion for Leave to File Amended Civil Complaint (Doc. 24) are **DENIED**. The Court will enter a separate judgment closing this civil case.

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE